**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1791**

WAYNE BRYAN,

                Plaintiff – Appellant,

     v.

PRINCE GEORGE'S COUNTY, MARYLAND,

                Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:10-cv-02452-DKC)

Submitted: June 21, 2012         Decided: June 28, 2012

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kamal Nawash, THE NAWASH LAW OFFICE, Washington, D.C., for Appellant. M. Andree Green, Acting County Attorney, William A. Snoddy, Deputy County Attorney, Tonia Y. Belton-Gofreed, Associate County Attorney, Upper Marlboro, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Bryan appeals the district court's order granting summary judgment to Defendant in his civil action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2012), Maryland's Fair Employment Practices Act, Md. Code Ann., Art. 49B, §§ 14-18 (repealed 2009), and the Prince George's County Code. On appeal, Bryan challenges the district court's grant of summary judgment to Defendant on his Title VII claims of discrimination on the basis of national origin and his claim of retaliation premised on his termination from employment. Finding no reversible error, we affirm.

We review a district court's adverse grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does

a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C.A. § 2000e-2(a)(1). Absent direct evidence of intentional discrimination, claims under Title VII are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-07 (1973). In the employee discipline context, a prima facie case of discrimination is established if the plaintiff shows that he engaged in prohibited conduct similar to that of a person of another national origin and that the disciplinary measures enforced against him were more severe than those enforced against the comparator. Moore v. City of Charlotte, 754 F.2d 1100, 1105-06 (4th Cir. 1985).

Title VII also prohibits an employer from "discriminat[ing] against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge . . . or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C.A. § 2000e-3(a). To establish a prima facie case of

3

retaliation, a plaintiff must show "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action."  Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

If a plaintiff establishes his prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions.  McDonnell Douglas Corp., 411 U.S. at 802-03.  Once the employer comes forward with such a reason, "the burden reverts to the plaintiff to establish that the employer's non-discriminatory rationale is a pretext for intentional discrimination."  Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 258 (4th Cir. 2006).  This "final pretext inquiry merges with the ultimate burden of persuading the court that the plaintiff has been the victim of intentional discrimination, which at all times remains with the plaintiff." Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 294 (4th Cir. 2010) (internal quotation marks and alteration omitted).

After review of the record and the parties' briefs, we conclude that the district court did not err in granting summary judgment to Defendant.  Bryan's claims fail at the prima facie stage because he does not offer any evidence from which a factfinder could conclude that employees of a different national

4

origin were subject to less severe discipline for similar prohibited conduct or that his termination from employment and protected activity of filing a charge of discrimination were causally linked. Further, even assuming, as the district court did, that Bryan made his prima facie showings, he points to no evidence tending to show that Defendant's non-discriminatory reasons for disciplining him were a pretext for intentional discrimination. Finally, we reject as wholly without merit Bryan's argument that the district court's consideration of his actions during the disciplinary proceedings instituted by Defendant vis-à-vis those of his ostensible comparators violated his privilege under the Fifth Amendment against compelled self-incrimination.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5